Good morning. May it please the court, my name is Sin Yen Ling. I'm with the Asian Law Caucus. I'm here on behalf of the petitioner, Ms. Aurora Carlos-Blaza. The issue before this court is whether Ms. Blaza's conviction under 18 U.S.C. section 656 qualifies as an aggravated felony under the Immigration and Nationality Act. Ms. Blaza was convicted of theft, embezzlement, and misapplied money on April 18, 2005. She was sentenced to 11 years of incarceration, 100 hours of community service, and mandatory restitution. The Immigration Court had dismissed or terminated proceedings finding that Ms. Blaza's conviction did not qualify as an aggravated felony. The Board of Immigration Appeals reversed the IJ's decision in December of 2006. The Immigration Court had determined that Ms. Blaza was not an aggravated felon. Ms. Blaza had spent about two years and seven months in ICE custody before she was released on bond in December of 2008, pursuant to this court's decision in Casas Castrillon. Ms. Blaza has been a lawful permanent resident for approximately 29 years and this is her only offense. The Board of Immigration Appeals, I submit to the court, was incorrect in finding that Ms. Blaza's conviction was an aggravated felony. What's our standard of review, counsel, when we review a decision? This was a published decision by the BIA, correct? That's correct. So what's our standard of review? The proper standard review is the categorical analysis and the modified categorical analysis as provided by the Supreme Court and Taylor v. United States. But don't we give Chevron deference to published decisions by the BIA? It's my position that I don't think that Chevron actually applies in this particular case for several different reasons. First, Chevron applies only when Congress is silent on a statute or when it is unclear and ambiguous as to language of or the meaning of Congress. We believe that the meaning of Congress is pretty clear here. There are five criminal elements under 18 U.S.C. section 656. Those elements require that the defendant is an employee of a federally connected bank, that the defendant took assets under the custody or care of the bank with the intent to injure or defraud the bank. What is the expertise, if any, of the Immigration Board of Immigration Appeal as to the definition of a statute which makes it a crime to embezzle when one is an employee of a federal bank? That is correct. I would agree with you that I think that the Board of Immigration Appeals is outside of its authority in determining and analyzing a federal criminal statute. That is the reason why Chevron deference should not apply, because it is this Court's job to interpret federal criminal law, not the Board of Immigration Appeals. But when you cut through all of that and then even come back to 656, the question is whether it is any of the crimes listed there involve fraud or deceit. And why doesn't embezzlement clearly involve fraud or deceit? Well, Your Honor, that is the government's position, that essentially embezzlement or the definition of embezzlement carries an element of fraud. But what the government is attempting to do is bring all kinds of conduct within the aggravated felony framework. We don't think that is appropriate for a couple of reasons. One, the definition of embezzlement doesn't necessarily carry the definition of fraud at all times. The Valancey Court... Can you think of an embezzlement which doesn't involve fraud? Not in all cases. The Valancey Court in the Third Circuit actually looked at embezzlement very carefully. The common law definition of embezzlement is fraudulent appropriation of statutes and actually examined Title 18. But Judge Sirica wrote a very, at least persuasive to me, dissent in that very case. And of course, we're not bound by the Third Circuit. We try to avoid conflict when we can. But if we're not persuaded by the merits of it... I also think that the judge's decision in the Third Circuit is also very persuasive in that they looked at Title 18. There are parts of Title 18 that essentially talks about fraud or bank fraud, and there are parts of Title 18 that deal specifically with embezzlement as a theft offense. For example, bank fraud is located in 18 U.S.C. Section 1344. The definition of bank fraud is to defraud a financial institution or to obtain any of the money, funds, and credits. 18 U.S.C. Section 656 deals specifically not just with fraud, but also with theft. Congress did not intend... Let's go back to basics. Compare, at common law, larceny by trick or device and embezzlement. In embezzlement, the person who's the victim voluntarily passes possession of the chattel, in this case money, to the agent who takes the money, the defendant, under the pretense that the defendant is going to do something on behalf of the victim. So there has to be a relationship between the victim and the defendant, and that relationship has to be betrayed by the defendant for there to be embezzlement. If there isn't, if there aren't those elements, then it's larceny by trick or device. I cannot conceive, I agree with my brother, O'Scanlan, that Valanci is wrong. I cannot conceive of embezzlement not involving fraud. Now tell me why embezzlement doesn't involve fraud categorically. It is not my position that embezzlement never involves fraud. That was... No, but give me an example of an embezzlement which doesn't involve fraud or deceit. Well, the government's position is that essentially in a case where there is embezzlement, there is a breach of fiduciary trust between, in this particular situation, a bank and its employee. I do agree that the particular petitioner here was in fiduciary trust with her particular bank, Bank of Sierra. However, this Court must not read embezzlement as a situation in which it's always involving fraud. Well, could you give us a hypothetical where an embezzlement would not involve fraud or deceit? Well, I think a better situation is not for me to provide a hypothetical, but to actually cite to a particular case. The Supreme Court in United States v. Turley actually dealt with a similar situation. The bank had employed a CEO who essentially had embezzled money. In that particular case... Who had a what? Had embezzled money how? If I remember correctly, he had opened up checking accounts and defrauded the bank in a significant sum of money. In United States v. Turley, the term theft was intended to encompass all forms of stealing, including embezzlement, without regard to distinctions created by common law. The reality is, is that... Excuse me. I didn't catch the name of the Supreme Court case that you referred to. United States v. Turley. Turley? Yes. The citation is 352. Has it been cited in any of the briefs? Yes. Yes. It's been cited in my brief. Yeah, but this is not, that wasn't an embezzlement case, was it? Wasn't that a lawsuit case? It read embezzlement as... What language in Turley are you relying on to support your argument that all embezzlement does not involve, that there are embezzlements that don't involve fraud or deceit? What specific language in Turley are you relying on? The language in Turley specifically states that... What page? What page? I would have it now. You don't have to provide it for me later. Okay. But I would like to go back to the main issue in this case, which is whether Ms. Blaza had pled guilty to an underlying conviction that triggers aggravated felony. It is my position that she didn't. 18 U.S.C. section 656 is a divisible statute, which means that some aspects of the statute triggers aggravated felony grounds and some aspects of the statute... Kennedy, did she plead straight up? I mean, did the other... What she pled to was essentially language that mirrored the exact language of 18 U.S.C. section 656. One of which words is embezzlement, right? Correct. In fact, the plea agreement... Is it in the disjunctive? Yes, it is in the disjunctive. If I could just read the plea agreement. The plea agreement actually says defendants stole, embezzled, and misapplied money as funds or credits. But we know that 18 U.S.C. section 656 requires criminal elements of intent to injure or intent to defraud. Even though Congress had revised the statute in 1948, this Court and several circuit courts have essentially said, even though the language no longer exists and was substituted by embezzle, stole, and misapplied money, the reality is 18 U.S.C. section 656 still requires intent to injure and intent to defraud. Intent to injure does not trigger grounds of aggravated felony. You mean to say that if she embezzled, knowing full well that the bank had insurance and therefore the bank wouldn't be injured, then it's not embezzlement? Well, the plea agreement reflects the words stole, embezzled, and misapplied money. There's nothing in the plea agreement that actually uses the words knowingly and willfully misapplied. Now, the superseding indictment in the administrative record, I believe it's on page 91, has the word knowingly. But when the plea agreement was drafted and signed by the federal court judge, it was missing those particular words. The issue in this case, Your Honor, is that she had pled guilty to intent to defraud the bank. In order for a conviction to constitute an aggravated felony, it is very clear under section 101, subsection A, subsection 43, subsection capital M, the aggravated felony must include the intent to defraud or deceit. It is not clear in her plea agreement that she actually intended to deceive the bank. It seems that the plea agreement does not read it in two ways, that she might have injured the bank or she intended to defraud the bank. Thank you, counsel. I think we understand your argument very well. Your time has expired. We will hear now from the government. Good morning, Your Honors. May it please the Court, my name is Aviva Poxter for the Court of Appeals, and I would like to ask you a question, Your Honors, because the Board properly determined here that Petitioner's conviction for embezzlement, theft, and misapplication of bank funds constituted an aggravated felony under section 101A43MI of the INA, which requires the government to show that her conviction involved fraud or deceit. Now, in terms of Your Honor's question about deference, you should here defer to the Board's reasonable interpretation. And the reason is simple. 101A43MI, which was applied here, is uniquely an immigration statute. That wording doesn't appear in that form in any other statute. Therefore, the Board here was properly construing its own governing statute, and therefore Chevron deference should be applied. Notwithstanding that the key statute is 656, which is not within the immigration law. Well, our contention is that the key statute here is the immigration statute. And so you're applying a criminal statute, but uniquely in the immigration context. Therefore, the Board should be deferred to here. But in any event, even if you don't decide to defer, we still think that Petitioner's crime constituted an aggravated felony. And while we do believe that embezzlement does involve fraud, as we've been discussing here, Petitioner also pled to misapplication of bank funds. And this Court has stated, and other Federal courts construing this Federal criminal statute have stated, that in order to misapply funds, an individual must have the qualifications of fact with the intent to deceive the bank officials. So you're arguing for the modified categorical approach because of the particular facts in the documents of conviction which show that this one happened to be a fraudulent act? Well, the Board here discussed both categorical and modified categorical. And I'm not, you know, after the Supreme Court's decision in Nijuan, it's not even necessarily clear that we have to apply either because this could be a circumstance specific crime. And the Court said as much in terms of the $10,000 element, which isn't at issue here. But in terms of arguing the modified categorical approach, sure, you should, you can look to the conviction record. Although, as Petitioner's counsel argued, misapplication of bank funds is actually part of the statutory language here. So it's not necessarily clear that modified categorical or categorical really makes that much of a difference in terms of the definition. But specifically on the categorical approach, what's your position? Specifically if we would like to apply the categorical approach, what's your position regarding whether or not it's met in this case? Well, we think it's met because of this Court's definition of misapplication of funds. What a prosecutor has to show, what the definition of misapplication actually is. And this Court, again, has said that misapplication necessarily involves the intent to deceive bank officials or FDIC examiners. So you're not taking a position that every embezzlement is a fraud. You're taking the position that a guilty plea to 656, which has in its text misapplication of funds, is we should concentrate on the words misapplication of funds rather than embezzlement. Is that right? I think you could actually approach either. You could. But what would you like us to do? Well, we think the Board here focused on misapplication of funds. If you read the Board's decision and the cases that the Board cites and the parentheticals particularly following those decisions, those decisions talk about misapplication. And I think that that's also the reason why the Third Circuit's decision in Valancey doesn't apply here, because Valancey is not a misapplication case necessarily. And if you look at the dissent in that case, footnote 13, it definitely talks about that. And the judge there came to the conclusion that if you talked about misapplication, if that was the particular portion of the statute that was being evaluated, that crime definitely constitutes a 101-A-42. So what I'm hearing you say is one way to avoid a conflict between the Ninth and the Third Circuits is to interpret Valancey as dealing with embezzlement and Blaza dealing with misapplication of funds, and then there will be no conflict created. Exactly, Your Honor. And I'd also like to point out that the Eleventh Circuit's decision in Moore is the one that's really on point, because if you look at Moore, Moore talks about misapplication of bank funds, and Moore found that to be an aggravated felony under this statute. And that, again, is consistent with this Court's criminal cases that have construed 18 U.S.C. 656, particularly U.S. v. Castro, which was cited in our case. And if you do actually ---- And what's your best case for saying that misapplication of funds in violation of 656 is categorically a fraud or deceit crime under 43 M.I.? Yes. Who? What's the best case? Oh, I'm sorry. Moore? Moore, yes. Moore is pretty as ---- That's an Eleventh Circuit case. That's an Eleventh Circuit case, that's right. Do we have any Supreme Court cases on that point? I'm sorry, Your Honor? Do we have? Do you have any Supreme Court cases that make that point? I have not. But, again, I do not. But, again, this Court has talked about ---- actually, this ---- I'm sorry. This Court has talked about, in a criminal context, talking about intent to deceive as being definitionally part of this crime. So that's really all. For 101-843-M.I. Let me try again. Think of the phrase, misapplication of funds. Is there a Ninth Circuit court case which says misapplication of funds under 656 is a crime of fraud or deceit? Not yet. No. Not in the immigration ---- not for purposes of 101-843-M.I. For any purpose. Oh, for any purposes. Well, again, you have said that intent to deceive is part of the definition of 18 U.S.C. 656, yes, in the criminal context. The question was whether or not there's a case that says misapplication of funds involves fraud. Fraud or deceit? Yes. What case? United States v. Castro says ---- defines misapplying funds as being disbursed under a record containing misrepresentation of facts with the intent to deceive benefit. U.S. v. what? Castro, and that's 887 F. 2nd 988, which is in our brief at page 994 of that decision. There's United States v. Unruh, U-N-R-U-H, at 885 F. 2nd 13. These are Ninth Circuit cases, right? That's correct, Your Honor. Yes. And U.S. v. Dreitzler as well, which is also a Ninth Circuit case. And all of those cases, again, stand for the proposition that intent to deceive is inherent when you're talking about misapplication of funds. Would you like me to address fraud, Your Honors? We have no further questions, counsel. If your argument is complete, that will be fine. Thank you, Your Honors. The case just argued will be submitted for decision.
judges: O'scannlain, Rawlinson, Bea